```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNDERPINNING & FOUNDATION
SKANSKA, INC.,

                        Plaintiff,
                                                      ORDER
        -against-                                     CV 07-2758 (JS)(ARL)

BERKLEY REGIONAL INSURANCE COMPANY,

                        Defendant.

---------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court is non-party Belgrave Water Pollution Control District's ("Belgrave") motion seeking to quash the subpoena of non-party Francis Arland or, in the alternative, to direct the plaintiff to pay Belgrave for half of the fees it paid to its engineer Dvirka and Bartilucci who had retained Mr. Arland's firm to provide a second opinion regarding the pile installation and foundation at the site. Also before the court is Belgrave's supplemental letter addressing its standing to file the motion to quash, as well as the plaintiff's and the defendant's opposition to that motion. For the reasons set forth below, the motion is denied.

As a threshold matter, it was unclear from Belgrave's February 20th letter application whether counsel for Belgrave was moving to quash on behalf of Arland or Belgrave. In their supplemental letter, Belgrave makes clear that the motion was submitted on behalf of Belgrave. Belgrave argues, in this regard, that although it is not a party to the action, Belgrave has standing to move to quash Arland's subpoena to protect its work product privilege and the opinions of its non-testifying expert. Both Underpinning and Berkley dispute that the relationship between Belgrave and Arland gives rise to such a privilege. In addition, the parties note that they simply seek an opportunity to question Arland about factual issues raised in and his authorship of documents that have already been produced to the parties, and thus, the motion should be denied. The court agrees.

To begin with, courts have routinely held that documents prepared by non-parties are not protected by work product "even if the non-party is itself a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the instant suit." *See Ricoh Company, Ltd. V. Aeroflex Inc.,* 219 F.R.D. 66, 69 (S.D.N.Y. 2003). Currently, Belgrave is not a party to this action or a related action. Moreover, the information that is being sought is based on documents that have already been produced. *Id.* at 70 (work product privilege generally waived when material has been disclosed in a manner inconsistent with maintaining secrecy). The court is equally unconvinced that Fed. R. Civ. P. 26(b)(4)(B) applies. Rule 26 (b)(4)(B) provides:

> Ordinarily, a party may not, by interrogatories or deposition,
> discover facts known or opinions held by an expert who has been

> retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> . . .
>
>> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(4)((B)(ii). It is clear that Arland's firm was hired by Dvirka and Bartilucci several months before the commencement of the lawsuit to provide a second opinion regarding the Mat Design and the Pile Installation "to put the project back on track," not in anticipation of litigation. In addition, even if the court were to apply the rule to the non-testifying expert of a non-party, the parties do not seek to discover Mr. Arland's opinions and facts known by this "expert" have already been produced.

Accordingly, the deposition of Mr. Arland is to be rescheduled immediately at Mr. Arland's convenience. Belgrave's request for half of the fee it paid to Dvirka and Bartilucci and for attorneys' fees is denied.

Dated: Central Islip, New York
      February 27, 2009

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge